### Arthur G. Jones v. Vance Shoe Co. et al.

1. CORPORATIONS—*Officers' Salaries—By-Laws.*—A director of a corporation who accepts an election to the position of secretary and manager must be presumed to have accepted the position with a full knowledge of the provisions of the by-laws and to have held the same subject thereto.

2. SAME—*Officers—When Not Entitled to Salaries.*—A director of a corporation is not entitled to a salary, however justly earned, unless previously authorized by the by-laws of the corporation or by resolution of the board of directors.

3. SAME—*Where the Officer has Made it Impossible for the Company to Enable Him to Earn His Salary.*—An officer of a corporation is not entitled to a salary where by his own act he has made it impossible for the company to enable him to earn it.

**Claim for Salary, etc.**—Appeal from the Circuit Court of Cook County. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed November 20, 1900.

**Statement.**—Appellant was a stockholder in a corporation known as the Vance & Jones Company, organized under the laws of Illinois. When the company was first organized, in 1893, appellant took the control and management of the business, and by a verbal agreement among the stock-

holders it was arranged that he should receive a salary for his services of $6,000 a year.   In June, 1896, the corporation was re-organized, the appellees herein becoming stockholders and acquiring a controlling interest.   Appellant was retained as manager of the business of the company and continued to draw the same salary as before.

In November, 1897, the directors voted to recommend to the corporation, in view of the unsatisfactory condition of the business, to go into liquidation and wind up its business. In January, 1898, this recommendation was carried into effect, and a resolution was adopted vesting the management of the business in a committee of two appointed for the purpose, and abolishing all salaries.   The liquidating committee took possession accordingly and proceeded to carry out the purpose of the resolution, until, February 1st, following, about two weeks after their appointment, appellant filed his bill of complaint, charging fraud, mismanagement, abuse of trust, conspiracy to "freeze out" complainant, etc., and praying for the appointment of a receiver. The defendants answered denying the charges, but submitted to the jurisdiction of the court, consenting to and themselves requesting that the business be wound up through a receiver.   An order was entered requiring creditors to file their claims, and appellant filed a claim for $2,117.81 for salary, which he claims to be entitled to receive from January 18, 1898, the day of his discharge, until June 1st following, at the rate of $6,000 per annum.   The Circuit Court sustained objections to this claim, and from the decree denying it this appeal is prosecuted.

ALBERT N. & EDWARD P. EASTMAN, attorneys for appellant.

WILSON, MOORE & MCILVAINE, attorneys for appellees.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellant claims that while his original contract of employment was made in December, 1893, yet that at the time of re-organization of the Vance & Jones Company in

June, 1896, a new agreement was made with him by which he was re-employed at a salary of $6,000 per annum, and that therefore he is entitled to be paid at that rate for the full year ending June 1, 1898. It is alleged that he was wrongfully discharged prior to the expiration of the year. He concedes that the alleged agreement was not made with the corporation as such, but claims that it was agreed to by the stockholders owning substantially all the stock; that the company accepted and acted upon the agreement, paid the salary, and is bound by such alleged contract.

It does not appear that any definite arrangement was made with appellant for any definite time. In November, 1896, after the re-organization, appellant was elected secretary and general manager at the annual meeting of the company. At the next annual meeting, in November following, it was decided to take steps looking toward winding up the affairs of the company and no officers except the president were at that meeting elected. At the time of his election as secretary and manager in November, 1896, the following by-law was in force:

" The officers of the company shall consist of president, secretary, treasurer, and such other officers and agents as shall from time to time be provided by the directors.   *   * Such officers shall hold their respective offices until the next succeeding meeting of the stockholders or until their successors shall be elected and qualified, and any officer may be removed at any time by the directors if the interests of the company so require."

It is also provided that the board of directors "shall define the duties and fix the compensation of all officers of the company." We think the master was right in holding, as he did, that when appellant accepted an election as secretary and manager in November, 1896, while the foregoing by-laws were in force, he must be presumed to have accepted with a full knowledge of said provisions, and to have held the place subject thereto. At the next annual meeting of the stockholders, thereafter, a resolution was adopted to the effect that the company should go into liquidation. This resolution was carried into effect at the meet-

ing of the directors in January following.   After the adoption of such resolution, appellant had notice of the intention to wind up the concern, and the directors had full power under the by-laws to remove him from office. . He was paid up to the time of his removal in full.   If hired by the year his re-employment must be regarded as commencing in November, 1897, when he was elected, or re-elected, secretary and manager.   After the adoption of the resolution to wind up the company, he held his position and drew his salary subject to removal by the directors at any time as the winding up of the business should proceed.   There was an agreement made at the time of the reorganization in 1896, to which appellant was a party, providing for a possible discontinuance within eighteen months, it being stated that it was not yet decided whether the business would warrant a longer continuance.   Appellant then agreed as to what should be done in the event of such possible discontinuance, and accepted his employment knowing that such event was quite possible.   There is nothing to show that he or the company expected his salary to continue after such winding up of the company's affairs.

Appellant was himself a director of the corporation. While entitled to retain the salary which he received with the assent of the remaining directors and stockholders, he is not entitled to receive additional compensation never fixed or authorized by the board of directors as the by-laws required.   In Brown v. DeYoung, 167 Ill. 549 (553), it is said :

"It is undoubtedly the law, that a director of a corporation is not entitled to receive a salary, however justly earned, unless previously authorized by the by-laws of the corporation or by resolution of the board of directors."

Appellant, by his own action, caused the company to be placed in the hands of a receiver.   We know of no principle of law or equity applicable to the facts of this case, which would entitle him to a continued salary which, by his own act, it has been made impossible for the company, even if so disposed, to enable him to continue to earn.

The judgment of the Circuit Court will be affirmed.